1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8    JUDITH ZIMMERLY, et al.,                    CASE NO. 3:22-cv-05209-BHS

                        Plaintiffs,              ORDER
9        v.

10   COLUMBIA RIVER GORGE
     COMMISSION, et al.,
11
                        Defendants.
12

13           This matter is before the Court on Defendants Columbia River Gorge

14   Commission, Sondra Clark, Robin Grimwade, and Jerry Meninick's ("Washington

15   Commissioners") Motion to Dismiss, Dkt. 37, and Defendants Bowen Blair, Dan

16   Ericksen, Robert Liberty, Carina Miller, Anotone Minthorn, and Rodger Nichols'

17   ("Oregon Comissioners") Motion to Dismiss, Dkt. 40.[1] Because Plaintiffs Judith

18   Zimmerly, ZP#5 LLC, Jerry Nutter, and Nutter Corporation's claims that Defendants

19

20   _____

         [1] Intervenor Defendants Friends of Columbia Gorge, Inc., Jody Akers, Paul Akers, Danny
21   Gaudren, Kathee Gaudren, Rachel Grice, Zachary Grice, Greg Misarti, Edmond Murrell,
     Kimberly Murrell, Richard Ross, Karen Streeter, Sean Streeter, and Eleanor Warren join in both
22   of these motions to dismiss. Dkt. 42. Defendant Bridget Bailey joins in the second motion to
     dismiss. Dkt. 41.

1   violated the Washington Public Records Act and the Oregon Public Records Law fail on

2   the merits, and because the Court lacks subject matter jurisdiction over the remaining

3   claims, the motions to dismiss are granted.

4                    **I.   BACKGROUND**

5          Plaintiffs own and operate a mine located within the Columbia River Gorge

6   National Scenic Area. Dkt. 12, ¶¶ 3–6, 12. In May 2018, a Clark County code

7   enforcement coordinator and the County's interim director of community development

8   issued to Plaintiffs an amended notice and order,[2] which required them to cease all

9   mining activities until they obtained the necessary permits. Dkt. 38-2 at 2–4. The

10  amended notice and order stated that Plaintiffs' mining operation violated the Clark

11  County Codes because Plaintiffs "[f]ail[ed] to obtain required Clark County site plan and

12  conditional use permits for surface mining operation and rock crushing in a Surface

13  Mining Overlay District" and because they conducted "[l]and alterations and surface

14  mining activities within the Columbia River Gorge National Scenic Area without Clark

15  County review and approval." *Id.* at 2.

16         Plaintiffs appealed the notice and order to the Clark County Hearing Examiner.

17  The hearing examiner granted the appeal in part and denied it in part. Dkt. 38-3 at 16–17.

18  The hearing examiner concluded that Plaintiffs were authorized to conduct surface

19  mining operations on their property without permits because such operations amounted to

20  an existing use on the property under the Clark County Codes. *Id.* at 16. However, the

21  ─────────────

22         [2] The original notice and order was issued in March 2018. Dkt. 38-1. It also required
    Plaintiffs to cease all mining activities but for slightly different reasons. *See* Dkt. 38-1 at 2.

1  hearing examiner concluded that Plaintiffs were not allowed to conduct rock crushing

2  activities on the property unless they had a permit to do so. *Id.* at 16–17.

3  The Friends of the Columbia Gorge and numerous "neighbors" of the mining

4  operation appealed the hearing examiner's order to the Columbia River Gorge

5  Commission. *See* Dkt. 38-6. The Commission issued a final opinion and order which

6  reversed the hearing examiner's decision insofar as it concluded that Plaintiffs did not

7  need a permit to conduct surface mining operations on their property. *Id.* at 44–45.

8  Plaintiffs petitioned for review of the Commission's final opinion and order to the

9  Clark County Superior Court. Dkt. 38-7 at 2–26. The Superior Court affirmed the

10  Commission's decision. Dkt. 38-8. In so doing, the Superior Court concluded that "[t]he

11  Gorge Commission properly applied 16 U.S.C. section 544m(a)(2) of the National Scenic

12  Area Act, considered the relevant evidence and properly applied the law. The decision of

13  the Gorge Commission in this matter is affirmed in full, and the Petitioners' appeal is

14  denied." *Id.* at 17. The Superior Court also rejected Plaintiffs' arguments that the

15  Commission, in reaching its decision, violated the appearance of fairness doctrine,

16  engaged in improper *ex parte* communications, and failed to disclose certain conflicts of

17  interest. *Id.* at 4–7.

18  Plaintiffs appealed the Superior Court's order to the Washington State Court of

19  Appeals, Division II. Dkt. 38-9. That appeal remains pending.

20  Plaintiffs also sued Defendants in this Court, asserting seven claims. Dkt. 12.

21  Claims one through four allege that Defendants failed to produce various public records

22  in violation of the Columbia River Gorge National Scenic Area Act, 16 U.S.C. §§ 544–

544p, the Oregon Public Records Law, Or. Rev. Stat. §§ 192.311–192.431, and the Washington Public Records Act, RCW Ch. 42.56. *Id.* ¶¶ 52–79. Claim five alleges that Defendants violated the appearance of fairness doctrine during the appeal from the hearing examiner's decision. *Id.* ¶¶ 80–92. Claim six is a 42 U.S.C. § 1983 claim alleging due process and civil rights violations. *Id.* ¶¶ 93–104. Under this claim, Plaintiffs contend that Defendants failed to disclose certain *ex parte* communications and again assert that Defendants violated the appearance of fairness doctrine. *Id.* ¶ 95. Finally, claim seven alleges that Defendants engaged in tortious interference with business operations by improperly causing Plaintiffs to cease their mining operation. *Id.* ¶¶ 105–108.

Defendants move to dismiss all of these claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They contend that the National Scenic Area Act vests exclusive jurisdiction over Plaintiffs' claims in the state courts of Washington and Oregon. Dkt. 37 at 6, 12–15; Dkt. 40 at 9. They also assert that Plaintiffs' claims one through four fail to state a claim on which relief can be granted. Dkt. 37 at 6–7, 19–26; Dkt. 40 at 9.

Defendants next argue that the Court lacks subject matter jurisdiction over claims five through seven under the *Rooker-Feldman* doctrine. Dkt. 37 at 15–17; Dkt. 40 at 6–9. Defendants assert that, under claims five and six, Plaintiffs impermissibly request that this Court reverse the Commission's final opinion and order. Dkt. 37 at 16; Dkt. 40 at 8.

Defendants further contend that they are entitled to both quasi-judicial immunity from claims five through seven and Eleventh Amendment immunity from Plaintiffs' damages claims. Dkt. 37 at 17–19, 26–27; Dkt. 40 at 4–6, 9. They also argue that *res*

1    *judicata* precludes Plaintiffs from advancing claims five through seven. Dkt. 37 at 28–29.

2    Finally, the Washington Commissioners assert that Plaintiffs failed to properly serve the

3    summons and complaint on them in their official capacities.[3] Dkt. 37 at 10–11.

4         Plaintiffs respond that the National Scenic Area Act does not deprive the Court of

5    subject matter jurisdiction over claims one through four insofar as they allege that

6    Defendants failed to disclose public records in violation of the Washington Public

7    Records Act. Dkt. 55 at 5, 8–10; Dkt. 58 at 12–19. They argue that the National Scenic

8    Area Act does not deprive the Court of subject matter jurisdiction over claims five

9    through seven. Dkt. 55 at 10–12.

10        Plaintiffs next assert that the *Rooker-Feldman* doctrine does not apply to claims

11   five through seven because their appeal to the Washington Court of Appeals is not final

12   and because they are not directly challenging the Clark County Superior Court's decision.

13   Dkt. 55 at 5–6, 12–14; Dkt. 58 at 2. They claim that Defendants are not entitled to quasi-

14   judicial or Eleventh Amendment immunity. Dkt. 55 at 6, 15–20; Dkt. 58 at 19–21. They

15   also argue that *res judicata* does not apply to preclude claims five through seven. Dkt. 58

16   at 21–23. Finally, they contend that service against the Washington Commissioners was

17   proper. Dkt. 55 at 21; Dkt. 58 at 4–11.

18   //

19   //

20   //

21   _____

22        [3] The Oregon Commissioners neither raise nor join in this argument. *See generally* Dkt. 40.

1

## II.   DISCUSSION

2

**A.      Plaintiffs' Public Disclosure Claims (Claims One Through Four)**

3

Defendants assert that the Court lacks subject matter jurisdiction over Plaintiffs'

4 claim that the Commission failed to disclose certain public records in violation of the

5 National Scenic Area Act. Dkt. 37 at 12–14. Additionally, Defendants contend that, to the

6 extent Plaintiffs allege that the Commission violated the public records laws of either

7 Oregon or Washington, Plaintiffs have failed to state a claim on which relief can be

8 granted. *Id.* at 13 n.5, 23–26. Plaintiffs respond that the Washington Public Records Act

9 applies to the Commission and, therefore, they have stated a valid claim for relief under

10 claims one through four. Dkt. 55 at 5, 8–10; Dkt. 58 at 12–19.

11

When considering a motion to dismiss under Federal Rule of Civil Procedure

12 12(b)(1) or 12(b)(6), the court construes the complaint in the light most favorable to the

13 non-moving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940,

14 946 (9th Cir. 2005); *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

15 Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack

16 of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

17 legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A

18 plaintiff's complaint must allege facts to state a claim for relief that is plausible on its

19 face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility"

20 when the party seeking relief "pleads factual content that allows the court to draw the

21 reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

22

Generally, the court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Additionally, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiffs' claims one through four fail for several reasons. First, Plaintiffs waived their claim that the Commission violated the National Scenic Area Act by not disclosing certain public records. *See* Dkt. 55 at 8 ("[T]his action seeks to compel the Commission's compliance with the Washington PRA, not the Gorge Act.").

Second, even if Plaintiffs have not waived this claim, it is improperly advanced in this Court. As Defendants contend, the Court lacks subject matter jurisdiction over any claim that Defendants failed to disclose public records in violation of the National Scenic Area Act. *See* Dkt. 37 at 12–14. The Ninth Circuit has held that the National Scenic Area Act vests "the federal district courts of Oregon and Washington with jurisdiction over *only* those actions involving the Secretary [of Agriculture], and [leaves] to the state courts jurisdiction over actions involving the Commission." *Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 621 (9th Cir. 1992) (emphasis added).

Of particular significance here, 16 U.S.C. § 544m(b)(6)(B) provides that "[t]he State courts of the States of Oregon and Washington shall have jurisdiction . . . over any civil action brought . . . against the Commission, a State, or a county *pursuant to subsection (b)(2)* of this section." (emphasis added). Subsection (b)(2) authorizes "[a]ny person or entity adversely affected" to "commence a civil action" against the

1  Commission to compel it "to perform any act or duty under sections 544 to 544p of this

2  title which is not discretionary . . . ." 16 U.S.C. § 544m(b)(2)(B). Notably,

3  section 544c(b) directs the Commission to "adopt regulations relating to . . . disclosure of

4  information consistent with the more restrictive statutory provisions of either State."

5  Under the Ninth Circuit's holding in *Broughton Lumber*, this Court lacks subject matter

6  jurisdiction over any claim that the Commission failed to follow this directive. *See* 875

7  F.2d at 621.

8         Third, as Plaintiffs concede, the Oregon Public Records Law does not apply to the

9  Commission. *See* Dkt. 58 at 13. The Oregon Public Records Law, which applies to state

10 agencies, defines "state agency" as "any *state* officer, department, board or commission

11 created by the Constitution or statutes of this state." Or. Rev. Stat. § 192.005(6).

12 However, the Oregon legislature defined the Commission as a "regional agency," not a

13 state agency. Or. Rev. Stat. § 196.150. As explained by the Oregon Court of Appeals, Or.

14 Rev. Stat. § 196.150 "does not purport to create a state agency. Rather, it ratifies

15 Oregon's compact with Washington to establish 'a *regional* agency known as the

16 Columbia River Gorge Commission' to carry out the provisions of the compact and of the

17 Scenic Area Act." *Columbia River Gorge Comm'n v. Hood River Cnty.*, 152 P.3d 997,

18 1003 (Or. Ct. App. 2007) (emphasis in original) (quoting Or. Rev. Stat. § 196.150).

19        Unlike state agencies, "[r]egional agencies created by interstate compacts are

20 generally recognized to be neither categorically state nor federal in nature; instead, they

21 are hybrids." *Id.* (citing *Murray v. Oregon*, 124 P.3d 1261, 1263 (Or. Ct. App. 2005);

22 *Hess v. Port Auth. Trans-Hudson*, 513 U.S. 30, 40 (1994)). Indeed, in *Hess*, the Supreme

1    Court explained that "[t]he States, as separate sovereigns, are the constituent elements of

2    the Union. Bistate entities, in contrast, typically are the creations of three discrete

3    sovereigns: two States and the Federal Government." 513 U.S. at 40. Because the

4    Commission is not a state agency, the Oregon Public Records Law does not apply to it.

5            Finally, for this same reason, the Commission does not fall within the ambit of the

6    Washington Public Records Act. The Washington legislature also defined the

7    Commission as a "regional agency," not a state agency. RCW 43.97.015 ("The States of

8    Oregon and Washington establish by way of this interstate compact a *regional* agency

9    known as the Columbia River Gorge Commission." (emphasis added)). Furthermore,

10   under the Washington Public Records Act, the term "'state agency' includes every *state*

11   office, department, division, bureau, board, commission, or other *state* agency." RCW

12   42.56.010(1) (emphases added). Because the Commission is a regional agency, not a state

13   agency, under Washington law, the Washington Public Records Act does not apply to it.

14           In sum, to the extent Plaintiffs' claims one through four allege that Defendants

15   failed to disclose certain public records in violation of the National Scenic Area Act, the

16   Court lacks subject matter jurisdiction over such claims, and they are DISMISSED

17   without prejudice. To the extent that claims one through four allege that Defendants

18   violated the Oregon Public Records Law and the Washington Public Records Act,

19   Plaintiffs have failed state a claim on which relief can be granted. Accordingly, those

20   claims are DISMISSED with prejudice.

21   //

22   //

1

2

**B.     Plaintiffs' Appearance of Fairness, 42 U.S.C. § 1983, and Tortious Interference with Business Relations Claims (Claims Five through Seven)**

3
Defendants also assert that, under the *Rooker-Feldman* doctrine, this Court lacks

4
subject matter jurisdiction over claims five through seven. Dkt. 37 at 15–17; Dkt. 40 at 6–

5
9. They argue that claims five and six impermissibly ask this Court to decide issues that

6
were already decided by the Clark County Superior Court and improperly request that the

7
Court reverse the Commission's final opinion and order. Dkt. 37 at 16; Dkt. 40 at 8. They

8
also contend that the issues presented by claim seven are inextricably intertwined with

9
the issues decided by the Superior Court such that, to grant Plaintiffs relief, the Court

10
would have to effectively reverse or void the Superior Court's decision. Dkt. 37 at 16–17;

11
Dkt. 40 at 8–9. Plaintiffs respond that the *Rooker-Feldman* doctrine does not apply to

12
claims five through seven because their appeal to the Washington Court of Appeals is not

13
final and because they are not directly challenging the Clark County Superior Court's

14
decision. Dkt. 55 at 5–6, 12–14; Dkt. 58 at 2. This is not persuasive.

15
"The *Rooker-Feldman* doctrine recognizes that federal district courts generally

16
lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr.,*

17
*LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) This doctrine precludes "cases

18
brought by state-court losers complaining of injuries caused by state-court

19
judgments . . . and inviting district court review and rejection of those judgments." *Exxon*

20
*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

21
Under this doctrine, "when a losing plaintiff in state court brings a suit in federal

22
district court asserting as legal wrongs the allegedly erroneous legal rulings of the state

1    court and seeks to vacate or set aside the judgment of that court, the federal suit is a

2    forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). "The

3    doctrine applies 'not only to claims that were actually raised before the state court, but

4    also to claims that are inextricably intertwined with state court determinations.'" *Grant v.*

5    *Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1238 (C.D. Cal. 2012) (quoting *Kelley v.*

6    *Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008)). "A claim is inextricably

7    intertwined with a state court judgment if 'the federal claim succeeds only to the extent

8    that the state court wrongly decided the issues before it,' or if 'the relief requested in the

9    federal action would effectively reverse the state court decision or void its ruling.'"

10   *Fontana Empire Ctr., LLC*, 307 F.3d at 992 (internal citation omitted) (quoting *Pennzoil*

11   *Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); *Charchenko v. City*

12   *of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)).

13          Plaintiffs' claim five alleges that, during the appeal from the hearing examiner's

14   order, the Commission violated the appearance of fairness doctrine. Dkt. 12, ¶¶ 80–92.

15   Similarly, claim six alleges that the Commission engaged in certain due process and civil

16   rights violations during that appeal by violating the appearance of fairness doctrine and

17   by failing to disclose certain *ex parte* communications. *Id.* ¶¶ 93–104.

18          Plaintiffs raised these arguments during their appeal to the Clark County Superior

19   Court, which rejected them on the merits and as being untimely raised. Dkt. 38-8 at 6–7.

20   Furthermore, Plaintiffs request that this Court reverse the Commission's final opinion and

21   order, which was affirmed by the Clark County Superior Court. *Id.* ¶¶ 92, 104. This Court

22

1    plainly lacks subject matter jurisdiction over claims five and six under the *Rooker-*

2    *Feldman* doctrine.

3         Claim seven alleges that Defendants engaged in tortious interference with business

4    relations by "intentionally interfer[ing] with" Zimmerly and Nutter's ongoing business

5    relationship to lease and operate their mine "through improper means and for an improper

6    purpose . . . ." *Id.* ¶ 107. Plaintiffs assert that "Defendants' wrongful actions caused the

7    Mine to stop operating, resulting in millions of dollars of lost revenue through sales, lost

8    profits to Nutter, lost royalties to Zimmerly, and other damages to Zimmerly and Nutter."

9    *Id.* ¶ 108. However, as Defendants assert, claim seven is inextricably intertwined with the

10   issues decided by the Clark County Superior Court because it "is premised on a reversal

11   of" that court's final judgment. Dkt. 37 at 16–17. Indeed, "[b]y affirming the Gorge

12   Commission's decision, the Clark County Superior Court expressly concluded the

13   behavior that Plaintiffs allege is tortious was lawful." *Id.* at 17. Therefore, this Court also

14   lacks subject matter jurisdiction over claim seven.[4]

15        The Court rejects Plaintiffs' argument that the Clark County Superior Court's

16   order is not a final judgment subject to the *Rooker-Feldman* doctrine as a result of the

17   ongoing appeal to the Washington Court of Appeals. *See* Dkt. 55 at 12–13; Dkt. 58 at 2.

18   Indeed, the Superior Court's order resolved the merits of Plaintiffs' arguments advanced

19   in that court. *See Denny v. City of Richland*, 195 Wn. 2d 649, 654 (2020) (en banc)

20

21        [4] Because the Court lacks subject matter jurisdiction over this claim of tortious
     interference with business relations, the Court declines to analyze whether Defendants are

22   entitled to either quasi-judicial or Eleventh Amendment immunity against it.

1  (defining "final judgment" as a judgment that "resolved the merits of a party's legal

2  claims"). Additionally, it appears that the sole reason why Plaintiffs were able to appeal

3  the Superior Court's order to the Washington Court of Appeals is because that order was

4  a final judgment. *See* Wash. R. App. P. 2.2(a).

5        Accordingly, because claims five through seven effectively request this Court to

6  reverse or void the final judgment of the Clark County Superior Court, the Court lacks

7  subject matter jurisdiction over them and they are DISMISSED without prejudice.

8  ### III.  ORDER

9        Therefore, it is hereby **ORDERED** that Defendants Columbia River Gorge

10  Commission, Sondra Clark, Robin Grimwade, and Jerry Meninick's Motion to Dismiss,

11  Dkt. 37, and Defendants Bowen Blair, Dan Ericksen, Robert Liberty, Carina Miller,

12  Antone Minthorn, and Rodger Nichols' Motion to Dismiss, Dkt. 40, are **GRANTED**.

13  Plaintiffs Judith Zimmerly, ZP#5 LLC, Jerry Nutter, and Nutter Corporation's claims that

14  Defendants failed to disclose certain public records in violation of the National Scenic

15  Area Act are **DISMISSED without prejudice**. Plaintiffs' claims that Defendants

16  violated the Oregon Public Records Law and the Washington Public Records Act are

17  **DISMISSED with prejudice**. Plaintiffs' claim that Defendants violated the appearance

18  of fairness doctrine is **DISMISSED without prejudice**. Plaintiffs' claim advanced

19  pursuant to 42 U.S.C. § 1983 alleging that Defendants engaged in due process and civil

20  rights violations is **DISMISSED without prejudice**. Plaintiffs' claim that Defendants

21  engaged in tortious interference with business relations is **DISMISSED without**

22  **prejudice**.

1    The Clerk shall enter a JUDGMENT and close the case.

2    Dated this 23rd day of March, 2023.

3

4    _____

5    BENJAMIN H. SETTLE
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 14